```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**KENNETH MORROW (#269856),**         *
                                      *
    **Plaintiff,**                     *
                                      *
**vs.**                               *  **CIVIL ACTION NO. 18-00479-KD-B**
                                      *
**LT. MCKENZIE,** *et al.,*           *
                                      *
    **Defendants.**                   *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Kenneth Morrow's motion for injunctive relief. (Doc. 19). On November 14, 2018, Kenneth Morrow, an Alabama prison inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

In his motion for a preliminary injunction, Morrow states that he is incarcerated at Bullock Correctional Facility and that, during the month of March or April 2020, Defendant Lt. McKenzie threatened Morrow by stating that "[Morrow] had filed a lawsuit[] against him." (Doc. 19 at 1). Morrow argues that Defendant McKenzie "had no reason to talk to [Morrow] or say anything to [Morrow] without an attorney being present." (Id.). Morrow states that he reported the statement to the facility, but nothing was

done about it.  (Id.).  Morrow seeks "an injunction to stop [McKenzie] and other defendants from harassment and threats." (Id.).  Upon review of Morrow's motion, the Court concludes that this motion is due to be denied.

**I.   Standard of Review.**

"A preliminary injunction is a powerful exercise of judicial authority in advance of trial."  Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990).  "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated."  Id.

"To justify a preliminary injunction, the plaintiff must plainly establish four preconditions: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a showing that plaintiff will suffer irreparable injury if an injunction does not issue, (3) proof that the threatened injury to plaintiff outweighs any harm that might result to the defendants, and (4) a showing that the public interest will not be disserved by grant of a preliminary injunction."  Id. (citing Cunningham v. Adams, 808 F.2d 815, 819 (11th Cir.1987); Johnson v. United States Dep't of Agric., 734 F.2d 774, 781 (11th Cir. 1984)). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites. 'The burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United

2

States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)(citations omitted).

**II. Discussion.**

In the instant case, in order to prevail on his motion for a preliminary injunction "to stop [Defendant McKenzie and other unnamed defendants] from harassment and threats" (Doc. 19 at 1), Morrow must persuade the Court, among other things, that he will suffer irreparable injury unless the injunction issues.  See Bush v. Braddock, 1995 U.S. Dist. LEXIS 6770, *4 (S.D. Ala. 1995).  To this end, Morrow makes a single argument in support of his motion for a preliminary injunction: in March or April of 2020, while Morrow was incarcerated at Bullock Correctional Facility, Defendant McKenzie came to Bullock with the riot team from Holman prison and said to Morrow "that [Morrow] had filed a lawsuit[] against him."  (Doc. 19 at 1).  Morrow adds that McKenzie "had no reason to talk to [him] or say anything to [him] without an attorney being present."  (Id.).  Morrow requests that the Court issue an injunction "to stop [McKenzie] and other defendants from harassment and threats."  (Id.).

Assuming Morrow's assertions to be true, such a statement by McKenzie does not convey an imminent threat of irreparable injury to Morrow.  Indeed, McKenzie's statement does not even rise to the level of a constitutional violation.  See Shuler v. Severson, 2018 U.S. Dist. LEXIS 73898, *3-9 (S.D. Fla. 2018)("derogatory, demeaning, profane, threatening or abusive comments made by an

3

officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation."); accord Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)(mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights).

Based on the foregoing, Morrow has failed to demonstrate the four preconditions necessary for the issuance of a preliminary injunction.  He has not established a substantial likelihood that he will prevail on the merits of the controversy in this case or that he will suffer irreparable injury if an injunction does not issue.  Moreover, he has failed to show any threatened injury; thus, he cannot show that the threatened injury to him outweighs any harm that might result to the defendants if the requested injunction is issued.  Finally, Morrow has failed to establish that the public interest will not be disserved by issuance of the requested preliminary injunction.  For each of the foregoing reasons, Morrow has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.  Therefore, his motion for a preliminary injunction is due to be denied.

## III. Conclusion.

Based on the foregoing, Morrow has failed to establish a *prima facie* case for preliminary injunctive relief.  Accordingly, it is recommended that Morrow's motion for a preliminary injunction (Doc. 19) be denied.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **the 22nd** day of **May, 2020.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**